O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE L. CHANDIER,<br><br>        Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>        Defendant. | CASE NO. ED CV 09-00634 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

Plaintiff Diane Chandier, 59 years old at the time of the administrative hearing, argues that the Administrative Law Judge wrongly failed to characterize her fibromyalgia as severe, did not properly consider the impact of her morbid obesity, and failed to properly assess her credibility. Although the question is a bit close on the Administrative Law Judge's treatment of Plaintiff's credibility, the Court finds that he sufficiently complied with the law. Accordingly, the Court affirms the decision.

The Ninth Circuit has noted that fibromyalgia is a definite but elusive affliction:

> "[F]ibromyalgia, previously called fibrositis, [is] a rheumatic
> disease that causes inflammation of the fibrous connective tissue
> components of muscles, tendons, ligaments, and other tissue.

> [citations omitted] Common symptoms . . . include chronic pain throughout the body, multiple tender points, fatigue, stiffness, and a pattern of sleep disturbance that can exacerbate the cycle of pain and fatigue associated with this disease. [citations omitted] Fibromyalgia's cause is unknown, there is no cure, and it is poorly understood within much of the medical community. The disease is diagnosed entirely on the basis of patients' reports of pain and other symptoms. The American College of Rheumatology issued a set of agreed upon diagnostic criteria in 1990, but to date there are no laboratory tests to confirm the diagnosis. [citations omitted]"

*Benecke v. Barnhart*, 379 F.3d 587, 589 (9th Cir. 2004). Plaintiff received a diagnosis of fibromyalgia, but little else appears from the record. Thus she apparently was told that she had fibromyalgia and had it confirmed that she had the requisite number of tender points required by the syndrome [AR 200]; she went to a specialist who verified that she had fibromyalgia [AR 245] and recommended pool exercise and certain medications; and she then was referred back to her regular doctor for management of the fibromyalgia. [AR 246] Little else appears in the medical record about Plaintiff's fibromyalgia.

      The issue facing the Administrative Law Judge, however, was not whether Plaintiff had fibromyalgia, but rather whether her fibromyalgia was a severe impairment within the meaning of the Social Security Act. Despite the Administrative Law Judge's snide and uncalled-for comment about the diagnosis [AR 49], the Administrative Law Judge was within his authority in concluding that the impairment was not severe. The requirement of having a severe impairment performs a gatekeeping function, screening out frivolous complaints. *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). In its internal procedures, the Social Security Administration assesses an impairment as "non-severe" if it has no more than a minimal effect on the individual's ability to do basic work functions.

SSR 85-28.  This minimalist treatment has received the Courts' imprimatur.  *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  There was no evidence before the Administrative Law Judge that Plaintiff's fibromyalgia had a greater than minimal impact on her ability to perform basic work activities.

Plaintiff also complains that the Administrative Law Judge did not properly consider her obesity.  The Court disagrees.  The Administrative Law Judge acknowledged Plaintiff's obesity [AR 11], but there was no record evidence to suggest that the obesity impaired Plaintiff's functionability greater than that set forth in the residual functional capacity.  The residual functional capacity tracked that testified to by the medical expert [AR 52-53], who also acknowledged Plaintiff's obesity [AR 51].  Hence, the Court finds no error sufficient to reverse the decision on this basis.

The question is closer on the Administrative Law Judge's treatment of Plaintiff's credibility.  An administrative law judge is not required to believe a claimant's statements about her pain.  But if a claimant, who is not malingering, alleges excess pain, and the pain reasonably could result from the claimant's impairments, then the Administrative Law Judge can reject the claimant's testimony only if he gives specific and legitimate reasons for doing so.  *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*); *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996).  Typically, the administrative law judge would identify the statements he is rejecting, and explain why.  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).

Here, the Administrative Law Judge used boilerplate language, found in almost every administrative decision this Court has reviewed over the last year or two, that "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment for the reasons explained below." [AR 13]  He did augment this slightly, however, in two ways.  First, he

accurately recited Plaintiff's testimony of her own view of her capacity. [AR 11-12] Second, he fashioned a residual functional capacity that had substantial evidentiary support in the record, being based on the testimony of the medical expert. [AR 12, 13]

It would have been better, of course, had the Administrative Law Judge more directly stated and explicated his reasons for discrediting Plaintiff's testimony. However, Plaintiff does not point to any specific way in which this error, if it was error, had any impact here. Since the Administrative Law Judge was justified in finding Plaintiff's fibromyalgia a non-severe impairment, and properly considered her obesity's impact on her impairments, there was little to be added by virtue of an extended discussion of her pain. There was nothing likely to change as to her capacity, and Plaintiff does not assert, nor would the record support, that, given the capacity as found by the Administrative Law Judge, she could not perform the work identified by the vocational expert. Under the particular circumstances of this case, therefore, the Administrative Law Judge's treatment of Plaintiff's pain symptoms was sufficient.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: March 26, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE